IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STANDARD INSURANCE COMPANY,

      Plaintiff,

v.                                                         Civ. No. 22-664 KK/SCY

REBECCA ARMIJO LAKEY an individual,
XENA LAKEY, and E.L., a minor by and
through his mother HEATHER SHREVES, on
behalf of THE ESTATE OF RICHARD ALAN
LAKEY,

      Defendants.

## ORDER TO SUPPLEMENT MOTION FOR SERVICE BY PUBLICATION

Plaintiff Standard Insurance Company filed an interpleader regarding the proceeds of a life insurance policy. Plaintiff states that, despite best efforts, Plaintiff has been unable to serve Defendant Xena Lakey by traditional means and requests alternate service—namely, service by publication and by email. Doc. 11.

Federal Rule of Civil Procedure 4 authorizes service on an individual by methods permitted by state law in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Pursuant to the New Mexico Rules of Civil Procedure, service by publication may be permitted "[u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule." NMRA 1-004(J), (K). Service by publication is "a last resort," proper "if and only if the names and addresses of the defendants to be served are not reasonably ascertainable" and it is not "feasible to give notice to the defendant in some manner more likely to bring the action to his attention." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 2017-NMSC-004, ¶¶ 26, 28, 31 (2016) (cleaned up).

The procedure for personal service of process upon an individual is outlined in NMRA 1-004(F), which permits service by delivery to the individual personally or by mail or commercial courier service. NMRA 1-004(F)(1). If either in-person service or service by mail is ineffective, then "service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant . . . and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." NMRA 1-004(F)(2). If service fails under both subparagraphs (1) and (2), then service may be made upon the defendant's place of business or employment. NMRA 1-004(F)(3). Plaintiff must demonstrate that each of these avenues were infeasible before alternative service can be permitted. *Ellis v. United States*, No. 20cv971 CG/GBW, 2021 WL 1999492, at *2 (D.N.M. May 19, 2021).

Plaintiff's motion demonstrates that in-person service and service by mail to Defendant Xena Lakey's home residence is not feasible because Lakey's home residence is not ascertainable. *T.H. McElvain Oil & Gas*, 2017-NMSC-004, ¶ 31. Plaintiff hired a skip tracer, investigated multiple residential addresses by inquiring with the residents found therein, attempted to make contact via phone, and did successfully make contact by an email address but without receiving a valid home address. Docs. 11-13. However, Plaintiff's motion does not address NMRA 1-004(F)(3). The Court therefore orders Plaintiff to file a supplement to its motion addressing whether Lakey's place of business or employment is ascertainable, and if so, whether service by this means has been attempted. Such information is a prerequisite to ordering alternative means of service. Plaintiff shall file the supplement within 14 days of the date of this Order.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE