## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STANDARD INSURANCE COMPANY,

      Plaintiff,

      v.                                    Civ. No. 22-664 KK/SCY

REBECCA ARMIJO LAKEY an individual,
XENA LAKEY, and E.L., a minor by and
through his mother HEATHER SHREVES, on
behalf of THE ESTATE OF RICHARD ALAN
LAKEY,

      Defendants.

## <u>ORDER STAYING ANSWER DEADLINE FOR E.L.</u>

Plaintiff Standard Insurance Company filed this interpleader under 28 U.S.C. § 1335 regarding the proceeds of a life insurance policy. The complaint, filed September 9, 2022, states that Plaintiff issued a policy of group life insurance which covered Richard Alan Lakey at the time of his death. Doc. 1 ¶¶ 9-11. As a result of Richard Lakey's death on January 5, 2022, a life insurance benefit in the total amount of $52,000 became payable under the Policy. *Id.* ¶¶ 12-13.

Plaintiff states that a dispute has arisen as to the beneficiary of the proceeds. Richard Lakey was not survived by a spouse, children, parents, or siblings. *Id.* ¶ 21. The benefits are therefore payable to his estate. *Id.* ¶¶ 20, 22. No Estate has been opened and no personal representative has been appointed for the Estate. *Id.* ¶ 4. Defendant Xena Lakey and Defendant E.L., a minor by and through his mother Heather Shreves, are the only surviving grandchildren of Richard Lakey and as such are the intestate heirs of Richard Lakey. *Id.* ¶ 5. However, Rebecca Armijo Lakey, Mr. Lakey's ex-wife, claims entitlement to the benefit notwithstanding her divorce from Mr. Lakey. *Id.* ¶ 23.

On December 21, 2022, Rebecca Lakey entered her appearance by counsel and filed an answer to the complaint. Docs. 7 & 8. Plaintiff stated that it was unable to locate Xena Lakey's residence to serve her with the complaint, and therefore the Court recently authorized service by publication, to take place by May 3, 2023. Doc. 19. However, Plaintiff subsequently filed an affidavit of service reflecting that Xena Lakey was personally served on February 3. Doc. 21.

Minor child E.L. was served via his mother, Heather Shreves, on September 25, 2022. Doc. 4; *see* Doc. 1 ¶ 5. Heather Shreves submitted a letter to the Court, filed February 7, 2023, stating her name is Heather Lakey (Shreves) and she is "answering on behalf of my son [E.L.]." Doc. 20 at 1. The letter states that E.L. is Richard Lakey's grandson and "Intitled [sic] to Richard's money." *Id.*

There is no indication that Heather Shreves is an attorney. It is well-settled "that non-attorney parents generally may not litigate the claims of their minor children in federal court." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) (internal quotation marks omitted); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("[U]nder Rule 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."); *Berrios v. New York City Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (fact that minor must be represented by a next friend does not alter the principle that a non-attorney is not allowed to represent another individual in federal court without counsel); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled

to trained legal assistance so their rights may be fully protected.").[1]

Therefore, Heather Shreves may not file an answer on behalf of her son and the Court does not accept the February 7, 2023 letter as E.L.'s answer to the complaint.

This does not resolve the matter, however, as the Federal Rules state that "[t]he court *must* appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2) (emphasis added). Because a non-attorney may not represent another person in litigation, any court-appointed guardian ad litem must be an attorney. The Court therefore notifies Heather Shreves that she must find an attorney to represent her son, or the Court will sua sponte appoint a guardian ad litem for E.L. to represent him in this action.

The Court is concerned about the relatively low value of the life-insurance proceeds at issue in this case and the potential for its erosion via Plaintiff's claim for reimbursement of its costs from the proceeds (*see* Doc. 1 at 5 ¶ G) and the costs for a court-appointed guardian ad litem. *See Mut. Life Ins. Co. of N.Y. v. Ginsburg*, 228 F.2d 881, 883-84 (3d Cir. 1956) (court has power to appoint a guardian to represent the interest of the minors and allow compensation for the reasonable value of the services from the fund itself). Therefore, the Court will stay the deadline for E.L.'s answer until Xena Lakey either answers or is found to be in default, and pending further order of the Court regarding E.L.'s answer deadline.

---

[1] The Tenth Circuit has recognized an exception to this rule in the context of social security disability appeals, because parents are the payees of social security benefits and entitled to manage the benefits on the minor child's behalf, and because social security cases usually do not involve complex issues. *Adams ex rel. D.J.W.*, 659 F.3d at 1300-01. The Court has no indication that similar factors would counsel in favor of permitting Heather Shreves to represent her son in the present dispute.

The Clerk of Court shall mail a copy of this Order to:

       Heather Shreves
       220 E 7th St Apt 3
       Rushville, IN 46173-1464

SO ORDERED.

                                 STEVEN C. YARBROUGH
                                 UNITED STATES MAGISTRATE JUDGE